# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIE LI SHANG, | 1:11-CV-00435 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| JANET NAPOLITANO, et al., | |
| Respondents. | |

Petitioner, currently in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") and proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has returned his consent/decline form indicating consent to Magistrate Judge jurisdiction. The petition alleges that the continued, indefinite detention of the petitioner violates his Constitutional rights.

## FACTUAL SUMMARY[1]

Petitioner is a native and citizen of China. Petitioner is currently being detained at the Kern County Jail in Bakersfield, California. On October 15, 2008, the order issued by the

---

[1] This information is derived from Petitioner's petition for writ of habeas corpus.

1

Immigration Judge deeming Petitioner inadmissible and ordering him removed became final. He is now subject to a final order of removal. He entered ICE custody in December of 2010, and has been detained continuously by ICE since that date.

## DISCUSSION

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus.[2] "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; see also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

In the instant case, Petitioner states that he is being indefinitely detained by ICE in violation of his Constitutional rights. This issue was addressed by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001).

In Zadvydas, the U.S. Supreme Court found that the habeas corpus statute grants federal courts the authority to determine whether post-removal-period detention is pursuant to statutory authority. Id. at 678. In addition, the Court held that the Immigration and Nationality Act's (INA) post-removal-period detention statute does not permit indefinite detention but "implicitly

---

[2] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States." Id at 689.  When faced with making such a determination, the Court must consider "the basic purpose of the statute, namely assuring the alien's presence at the moment of removal." Id. at 699.  In addition, the Court must take appropriate account of the Executive Branch's "greater immigration related expertise," the Bureau's "administrative needs and concerns," and the "Nation's need to speak with one voice on immigration." Id. at 700. The Supreme Court attempted to limit those occasions when the federal court would need to make such "difficult judgments" by setting a "presumptively reasonable period of *detention*" of *six months*. Id. at 701 (italics added).  The burden is on the alien to show that there is no reasonable likelihood of repatriation.  Id. ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").   After six months and once an alien makes a showing that there is no "significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.  However, where an alien seeks release prior to the expiration of the presumptive six-month period, his claims are unripe for federal review.  See, Abbott Laboratories, Inc. v. Gardner, 387 U.S. 136, 148- 49, 87 S.Ct. 1507  (1967) ("[The ripeness doctrine's] basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.").

In this case, Petitioner has remained in the custody of ICE since December of 2010. Petitioner's current detention is still within the six month "presumptively reasonable period of detention." Id.  Moreover, the court notes that with respect to Chinese nationals, efforts at repatriation are generally successful.  Petitioner's allegation alone is, therefore, insufficient to overcome the presumption of reasonableness of the six month period and his claims of constitutional violations are not ripe for review.   Should Petitioner's detention continue past the

six month presumptive period, he may re-file the instant federal action and obtain review. At that time, however, Petitioner must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's

determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The Petition for Writ of Habeas Corpus is DISMISSED as the claims raised are not ripe for federal review;

2) The Clerk of Court is DIRECTED to enter judgment and terminate the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **March 21, 2011**                              /s/ **Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE